UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SAM SOHN,<br>    Plaintiff,<br> v.<br>CALIFORNIA HOUSING FINANCING AGENCY, et al.,<br>    Defendants. | Case No. 20-cv-03780-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL OF AMENDED COMPLAINT** |
|---|---|

  Pro se plaintiff Sam Sohn filed this action, alleging that she was wrongfully deprived of certain federal funds in connection with her home mortgage. Ms. Sohn filed her complaint, along with an application to proceed in forma pauperis ("IFP") (Dkt. Nos. 1, 2), and subsequently requested an extension of time with respect to "all the court procedures," so that she could consult with an attorney and file an amended complaint. Dkt. No. 6.

  The Court granted Ms. Sohn's IFP application, finding that she qualified financially for IFP status. Dkt. No. 7. However, upon review of her complaint pursuant to 28 U.S.C § 1915, the Court noted that Ms. Sohn had not clearly alleged any basis for a claim giving rise to federal subject matter jurisdiction. *Id*. at 2. The complaint sought $5 million in damages against defendants "California Housing Financing Agency," "Keep Your Home California," ("KYHC") and a "Government Claims Program," alleging that Ms. Sohn was qualified to receive federal funds for her home mortgage payments, but defendants reportedly declined to award her the funds and committed perjury in a state court action. The complaint further alleged that certain KYHC employees conspired with Ms. Sohn's mortgage lender to illegally foreclose on Ms. Sohn's property. Ms. Sohn's complaint, however, did not identify any particular federal claim for relief,

and the Court found her allegations too vague to establish a legally coherent theory of liability arising under federal law. *Id*. Additionally, while Ms. Sohn's civil cover sheet indicated that her suit concerned a "U.S. Government Defendant" (Dkt. No. 1-1), it was not apparent that any of the named defendants matched that description. *Id*. The Court further noted that Ms. Sohn did not allege diversity jurisdiction under 28 U.S.C. § 1332, and that the complaint's allegations indicated that there was no basis for such jurisdiction in any event. *Id*.

Given the apparent lack of subject matter jurisdiction, Ms. Sohn's complaint ordinarily would have been subject to dismissal. However, in view of Ms. Sohn's stated desire to consult with an attorney and file an amended complaint, the Court deferred further review of the merits of her complaint, granted her request for an extension of time, and set a September 25, 2020 deadline for the filing of an amended pleading. Dkt. No. 7.

Ms. Sohn timely filed her amended complaint. Dkt. No. 8. The amended complaint continues to allege that "CalHFA MAC" or "CALHFA Mortgage Assistance Corporation" (now alleged to be the same organization as KYHC) wrongfully denied payment of federal funds regarding Ms. Sohn's mortgage, conspired with her lender to illegally foreclose on her home, and lied in a state court action, leading Ms. Sohn to dismiss her claims in that action. *Id*. at 6-9. Additionally, Ms. Sohn now seems to allege that Senator Dianne Feinstein was also involved in the conspiracy to deprive Ms. Sohn of funds and foreclose on her home, and that the U.S. Treasury Department is liable for failing to investigate what Ms. Sohn says was an abuse of federal funds (i.e., KYHC's failure to pay those funds to her). *Id*. at 9-10. Ms. Sohn claims that, at the very least, Senator Feinstein and the U.S. Treasury Department should have intervened to prevent the foreclosure of her home. *Id*. at 13. The amended complaint asserts that the alleged events constitute a violation of 42 U.S.C. § 1985.[1] *See id*. at 5, 11. Having reviewed Ms. Sohn's amended complaint, this Court recommends that it be dismissed with leave to amend.[2]

---

[1] The amended complaint does not invoke diversity jurisdiction under 28 U.S.C. § 1332, and the Court finds no basis for such jurisdiction.

[2] Absent consent from all parties, a magistrate judge has no authority to issue a dispositive order. 28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, this Court will have this matter reassigned to a district judge, along with the present report and recommendation.

2

"Section 1985 'creates no independent cause of action and provides remedial relief only after a violation of a specifically defined and designated federal right is first established.'" *Mancini v. City of Cloverdale Police Dep't*, No. 15-cv-02804-JSC, 2015 WL 3993216, at *3 (N.D. Cal. June 30, 2015) (quoting *Harmon v. City of Fresno*, No. CV F 08-1311 LJO GSA, 2008 WL 4690897, at *9 (E.D. Cal. Oct. 21, 2008)). "Section 1985 contains three subsections, each addressing a different type of misconduct." *Lenk v. Sacks, Ricketts & Case LLP*, No. 19-cv-03791-BLF, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020). "Subsection (1) addresses conduct that prevents an officer from performing duties; subsection (2) addresses conduct that prevents access to federal or state courts; and subsection (3) addresses conspiracies to deprive persons of rights or privileges." *Id.* (citing 42 U.S.C. § 1985). Ms. Sohn's amended complaint does not specify which subsection(s) she asserts here. However, based on the allegations of her amended complaint, it seems that Ms. Sohn may be asserting a claim under § 1985(2) and § 1985(3).

The second clause of § 1985(2) concerns access to state courts, *see Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir.1993), and gives rise to a claim for relief where:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). "Section 1985(3) 'prohibits conspiracies for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws[.]'" *Lenk*, 2020 WL 2793480, at *4 (quoting *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)). Section 1985(3) also protects "non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'" *Id.* (quoting *Holgate*, 425 F.3d at 676). To successfully state a claim under Section 1985(3), a plaintiff must plead facts establishing:

3

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998 (N.D. Cal. 2014) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992)). "A mere allegation of conspiracy is insufficient to state a claim." *Id.* (citing *Holgate*, 425 F.3d at 676-77). Allegations that have been held sufficiently specific to properly state a claim for conspiracy include those that "identify the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," as well as those that "identify which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights[.]" *Id.* at 998-99 (internal quotations and citations omitted). Moreover, claims brought under either the second clause of § 1985(2) or under § 1985(3) require a showing of class-based animus. *Mancini*, 2015 WL 3993216 at *4 (citing cases).

Ms. Sohn's amended complaint broadly asserts that she is "disable[d]", that "English is [her] second language," and that she "has language limitation." Dkt. No. 8 at 5. She also claims that Senator Feinstein "ignored and discriminated [against] [Ms. Sohn]'s disability and race and nation origin language limitation" by not taking Ms. Sohn's phone calls. *Id.* at 10, 14. Beyond racial classifications, courts have questioned whether a § 1985 claim may be based on class-based animus against individuals with disabilities. *See, e.g., Thompson v. Cal. Dep't of Corr. & Rehab.*, No. 16-cv-03415-CW, 2017 WL 4098855, at *7 (N.D. Cal. Sept. 15, 2017). For present purposes, however, the Court need not decide that issue because Ms. Sohn's amended complaint is devoid of facts suggesting that any conspiracy, assuming that one existed, was motivated by animus against her alleged disabled status, race, or national origin. Nor does the amended complaint contain facts from which it plausibly may be inferred that any defendant participated in any such conspiracy. At least with respect to conspiracy claims under § 1985(3), the Supreme Court has observed that "[d]iscriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993) (internal quotations and citation omitted). Rather, "[i]t implies that the decisionmaker . . . selected or

4

reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id*. (citation omitted). Moreover, Ms. Sohn's amended complaint does not clearly allege (1) a specific conspiracy between the defendants; (2) the scope of the conspiracy; (3) the role of each defendant in the conspiracy, or (4) how the alleged conspiracy operated. Ms. Sohn's allegations are particularly thin with respect to Senator Feinstein and the U.S. Treasury Department. Indeed, other than conclusory allegations that an officer of CALHFA/KYHC "politically conspired" with Senator Feinstein and Treasury Department staff (Dkt. No. 8 at 9, 10), there are no facts that plausibly suggest that they ever agreed to enter into a conspiracy with any other defendant.

For these reasons, the Court finds that Ms. Sohn's amended complaint does not sufficiently allege a claim for conspiracy under 42 U.S.C. § 1985. Accordingly, the Court recommends that the amended complaint be dismissed.

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As noted above, Ms. Sohn has already amended her complaint once. The amendment, however, was made without the benefit of the Court's review of the claims Ms. Sohn apparently intends to assert as the basis for federal jurisdiction. Although this Court harbors some doubt that Ms. Sohn may be able to amend her

complaint to state a plausible claim for relief, it cannot rule out the possibility that Ms. Sohn's allegations may be clarified on amendment, and therefore recommends that she be given leave to amend her claim for alleged violation of 42 U.S.C. § 1985.

Based on the foregoing, IT IS ORDERED THAT this case be reassigned to a district judge, with the RECOMMENDATION that Ms. Sohn's amended complaint be dismissed with leave to amend as to her claim under 42 U.S.C. § 1985. Any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3. In view of Ms. Sohn's pro se status, and the ongoing impact of the COVID-19 public health emergency, this Court will extend the deadline for the filing of any objections to **January 29, 2021**.

Ms. Sohn is encouraged to contact the Federal Pro Se Program for assistance. Information regarding the Program can be found at https://www.cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/. The Program currently does not hold in-person appointments but continues to assist self-represented litigants through telephone appointments, Monday to Thursday, 9:00 am to 4:00 pm. Appointments may be scheduled by calling (408) 297-1480. Additionally, if she has not already done so, Ms. Sohn is encouraged to obtain a copy of the Court's Handbook for Pro Se Litigants, available on the Court's website (https://www.cand.uscourts.gov/prosehandbook) or from the Clerk's Office.

Dated: December 29, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge