UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM SOHN,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA HOUSING FINANCING AGENCY; KEEP YOUR HOME CALIFORNIA; SENATOR DIANNE FEINSTEIN; and U.S. DEPARTMENT OF THE TREASURY,<br><br>          Defendants. | Case No. 20-cv-03780-BLF<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. § 1915(e); DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**<br><br>[Re: ECF 18] |

Plaintiff Sam Sohn, proceeding *pro se*, has filed a second amended complaint ("SAC") against Defendants California Housing Financing Agency, Keep Your Home California ("KYHC"), Senator Dianne Feinstein, and the U.S. Department of the Treasury for alleged violations of 42 U.S.C § 1985 and other federal statutes. *See* SAC, ECF 18. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court is required to screen the SAC to determine whether Plaintiff has stated a claim upon which relief may be granted. The Court concludes that the SAC does not state a claim and that amendment would be futile.

Accordingly, the SAC is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

Plaintiff filed this action on May 29, 2020. *See* Compl., ECF 1. She concurrently filed a motion for leave to proceed IFP. *See* IFP Request, ECF 2. On August 10, 2020, Magistrate Judge Virginia K. DeMarchi, to whom the case was initially assigned, granted Plaintiff's motion for

leave to proceed IFP. *See* Ord. Grant IFP, ECF 7. On September 24, 2020, Plaintiff filed a first amended complaint ("FAC"), asserting a single claim for violation of 42 U.S.C. § 1985. *See* FAC, ECF 8. On December 29, 2020, Judge DeMarchi issued a report and recommendation ("R&R"), recommending dismissal of the FAC with leave to amend on the basis that Plaintiff had not alleged a viable claim under § 1985, and directing that the case be reassigned to a district judge. *See* R&R, ECF 10. On January 25, 2021, upon receiving the case on reassignment, this Court adopted Judge DeMarchi's R&R and dismissed the FAC with leave to amend. *See* Ord. Dismiss FAC, ECF 14. "Leave to amend [was] limited to the defects in the § 1985 claim pled in [Plaintiff's] first amended complaint," and Plaintiff was expressly advised that she could "not add new claims or parties without first obtaining leave of the Court." *Id*. at 2. On June 23, 2021, Plaintiff filed the operative SAC. *See* SAC, ECF 18.

In the SAC, Plaintiff alleges that she was qualified to receive federal funds from Defendant KYHC for her home mortgage payment, but KYHC declined to give her the funds. *See* SAC at 7-9.[1] She also alleges that several employees of KYHC, including Ms. Michelle McCarthy, Mr. William M. Feigles, and Ms. Diane Richardson, conspired with her former mortgage lender, non-party Patelco Credit Union ("PCU"), to unlawfully foreclose on her property. *See id.* at 8. The conspiracy was allegedly based on Plaintiff's disability, race, national origin, language limitations, and age. *See id.* Plaintiff does not allege how she is disabled, stating only that, "Because of the Side effect the medication that Santa Clara County Hospital prescribed in the long term without any warning regarding side effect regarding this medication, the Plaintiff received the major surgery 2 times and became the disability and Handy Cap person that Social security administration and DMV proved." *See id.* at 15. Plaintiff does not allege her race or national origin. She alleges that she is over sixty-five years of age. *See id.*

According to Plaintiff, her lender PCU fraudulently implemented a "loan modification" program, and KYHC declined to provide her with federal funds to pay her mortgage because she

---

[1] This order cites to the ECF page numbers of the SAC rather than the internal page numbers of the SAC, because it appears that Plaintiff began renumbering her SAC in the middle of the document.

2

1  did not comply with the program. *See* SAC at 10. Plaintiff also alleges that Defendants and PCU
2  committed perjury and refused to release discovery materials. *See id.* at 11. Senator Dianne
3  Feinstein and the U.S. Department of the Treasury were also allegedly involved in the conspiracy.
4  *See id.* at 12. According to Plaintiff, Defendants and employees at the Senator's office misled
5  Senator Feinstein to prevent her from helping Plaintiff, and the U.S. Department of the Treasury
6  failed to investigate the alleged conspiracy. *See id.* Plaintiff further alleges that Defendants
7  prevented other employees at KYHC from accessing her file or communicating with her and
8  continued misleading her by asking her to re-apply to a mortgage reinstatement program. *See id.* at
9  13-14.

Based on these allegations, the SAC asserts claims under § 1985 and appears to assert claims under numerous other federal statutes, listed in the SAC as follows:

> Section 504
> 31 U.S. Code § 3729
> 42 U.S. Code § 3058i
> 33 U.S. Code § 931
> 25 CFR 11.448
> 42 U.S. Code § 14503
> Rehabilitation Act 1973
> Section 112, 29 USC 732
> Fair Housing Act
> Reasonable accommodation

SAC at 15.

## II.  LEGAL STANDARD

This Court has a continuing duty to dismiss a case filed without payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under the Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl.*

3

1 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the
2 court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*
3 The allegations of a *pro se* plaintiff are construed liberally and given the benefit of any doubt. *See*
4 *Watison*, 1108 F.3d at 1112.

**III.    DISCUSSION**

As noted above, the Court dismissed the FAC with leave to amend, but such leave was expressly limited to the § 1985 claim pled in the FAC. *See* Ord. Dismiss FAC at 2, ECF 14. Plaintiff has added new federal claims in the SAC in direct violation of the Court's order. Plaintiff's new federal claims are not properly before the Court and are not considered in evaluating the sufficiency of the SAC. However, the Court does consider the proposed new claims in determining whether leave to amend should be granted.

**A    Plaintiff Fails to State a Claim under § 1985**

Section 1985 "creates no independent cause of action and provides remedial relief only after a violation of a specifically defined and designated federal right is first established." *Harmon v. City of Fresno*, No. CV F 08-1311 LJO GSA, 2008 WL 4690897, at *9 (E.D. Cal. Oct. 21, 2008); *see also Mancini v. City of Cloverdale Police Dep't*, No. 15-cv-02804-JSC, 2015 WL 3993216, at *3 (N.D. Cal. June 30, 2015) (quoting *Harmon*). "Section 1985 contains three subsections, each addressing a different type of misconduct." *Lenk v. Sacks, Ricketts & Case LLP*, No. 19-cv-03791-BLF, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020). "Subsection (1) addresses conduct that prevents an officer from performing duties; subsection (2) addresses conduct that prevents access to federal or state courts; and subsection (3) addresses conspiracies to deprive persons of rights or privileges." *Id.* (citing 42 U.S.C. § 1985).  Here, Plaintiff alleges that Defendants have violated § 1985 (2) and (3). SAC at 5.

"Section 1985(2) contains two clauses that give rise to separate causes of action." *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993). The first clause concerns access to federal courts, while the second clause concerns access to state or territorial courts. *See id.* at 909. To make out a claim under the first clause, addressing access to federal courts, a plaintiff must allege: "(1) a conspiracy by the defendants; (2) to injure a party or witness in his or her

4

person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff." *Id*. To make out a claim under the second clause, addressing access to state courts, a plaintiff must allege that "'two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . .'" *Id.* (quoting 42 U.S.C. § 1985(2)).

"Section 1985(3) 'prohibits conspiracies for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws[.]'" *Lenk*, 2020 WL 2793480, at *4 (quoting *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)). Section 1985(3) also protects "non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'" *Id.* (quoting *Holgate*, 425 F.3d at 676). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998 (N.D. Cal. 2014) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992)).

"A mere allegation of conspiracy is insufficient to state a claim." *Steshenko*, 70 F. Supp. 3d at 998 (citing *Holgate*, 425 F.3d at 676–77). Allegations that have been held sufficiently specific to state a claim for conspiracy include those "that identify the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," as well as those "that identify which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights[.]" *Id.* at 998–99 (internal quotations and citations omitted). Furthermore, claims brought under the second clause of § 1985(2) or under § 1985(3) must allege a class-based animus. *Fotinos v. Fotinos*, No. C 12-953 CW, 2013 WL 1195644, at *4–6 (N.D. Cal. Mar. 22, 2013)

Plaintiff alleges in purely conclusory fashion that she was discriminated against and harassed by Defendants because of her disability, race, national origin, language limitations, and age. *See* SAC at 8. As discussed above, she does not allege the nature of her disability, and does not allege her race or national origin. Moreover, she alleges no facts whatsoever supporting the existence of a conspiracy or suggesting that any conspiracy was motivated by a discriminatory animus. Furthermore, although Plaintiff has alleged that she was wrongfully deprived of funds to pay her home mortgage, she does not allege facts showing that Defendants have violated any "specifically defined and designated federal right" of Plaintiff. *Harmon*, 2008 WL 4690897, at *9. Therefore, the Court finds that the SAC does not plausibly allege a violation of § 1985.

### B.     Leave to Amend is not Warranted

Having determined that the SAC is subject to dismissal, the Court must decide whether to grant Plaintiff leave to amend. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

The Court finds no undue delay (factor 1) or bad faith (factor 2). However, despite prior dismissal of FAC with guidance regarding amendment in the R&R and the order adopting the R&R, Plaintiff still has not come close to alleging a viable claim (factor 3). Prejudice to Defendants is not at issue, as Defendants have not been served (factor 4).

Because factors 1-4 are split, the decision whether to grant leave to amend depends in large on the last factor, futility (factor 5).  After careful consideration of Plaintiff's allegations, including her proposed new claims, the Court concludes that Plaintiff would not be able to state a claim against any of the Defendants even if given a further opportunity to do so.  Plaintiff twice has failed to allege facts sufficient to state a claim under § 1985, and nothing in the SAC suggests that she would be able to cure the defects in that claim. Nor is leave to amend warranted by Plaintiff's proposed new claims, which are listed in the SAC as follows:

>Section 504
>31 U.S. Code § 3729
>42 U.S. Code § 3058i
>33 U.S. Code § 931
>25 CFR 11.448
>42 U.S. Code § 14503
>Rehabilitation Act 1973
>Section 112, 29 USC 732
>Fair Housing Act
>Reasonable accommodation

SAC at 15. For the most part, Plaintiff does not connect these enumerated statutes with factual allegations. The Court addresses Plaintiff's proposed new claims in the order in which they are listed in the SAC.

### 1. Section 504 of the Rehabilitation Act of 1973

Plaintiff asserts a claim under Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794. Section 504 prohibits discrimination based on disability by any federally funded programs or activities. *See Updike v. Multnomah Cty.*, 870 F.3d 939, 949 (9th Cir. 2017). To bring a § 504 claim, Plaintiff must show that "(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of [her] disability; and (4) the program receives federal financial assistance." *Id*. (internal quotation marks and citation omitted).

Plaintiff does not allege facts showing that she is disabled. Nor does she allege facts showing that she was entitled to an award of funds from KYHC. Plaintiff alleges that KYHC advised Plaintiff that she would be eligible for funds if her mortgage payment was under $1,620 per month, but her mortgage lender (non-party PCU) calculated her mortgage at $2,830 per month. *See* SAC at 7-9. Plaintiff asserts that KYHC nonetheless should have awarded her funding, but she does not support that assertion with factual allegations. Importantly, she does not allege any facts showing that KYHC's decision not to award her funding was motivated solely by a disability-related animus.

Accordingly, Plaintiff has not alleged a viable claim under the RA, nor do the allegations of the SAC suggest that she could allege such a claim if given further leave to amend.

### 2. False Claims Act

Plaintiff also asserts a violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729. Under that statute, any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable for a civil penalty "plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1)(A)-(B). "A person may bring a civil action for a violation of section 3729 for the person and for the United States Government."  31 U.S.C. § 3730(b)(1). The action must be brought in the name of the Government, and the Government must be served with "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(1), (2). "The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).

The Court understands Plaintiff to allege that KYHC's refusal to award her funds constituted a violation of the FCA. However, Plaintiff has not alleged that KYHC or any other Defendant has made a false or fraudulent claim for payment or approval. To the contrary, Plaintiff asserts that KYHC fraudulently *denied* Plaintiff's request for payment or approval. Moreover, Plaintiff has not alleged facts showing that she gave notice to the Government or complied with other requirements for bringing a civil suit under the FCA, set forth above. *See* 31 U.S.C. § 3730(b)(1), (2).

Plaintiff has not alleged a viable claim under the FCA, nor do the allegations of the SAC suggest that she could allege such a claim if given further leave to amend.

### 3. Elder Abuse and Extortion Act

Plaintiff asserts a violation of the Elder Abuse and Extortion Act, 42 U.S.C. § 3058i.  This statute does not confer a private right of action. *See Wister v. White*, No. 19-CV-05882-WHO, 2019 WL 6841370, at *3 (N.D. Cal. Dec. 16, 2019) (Elder Abuse and Extortion Act does not create a private right of action); *Sienze v. Madera Cty. Sheriff's Office*, No. 1:17-CV-00736-AWI-SAB, 2017 WL 2423672, at *7 (E.D. Cal. June 5, 2017) ("The Court finds that Congress did not

intend to create a private right of action under section 3058i.").

Plaintiff has not stated, and cannot state, a claim under the Elder Abuse and Extortion Act.

### 4. Longshore and Harbor Workers' Compensation Act

Plaintiff asserts a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 931. This statute does not appear to have any bearing on this case.

### 5. Code of Federal Regulations

Plaintiff asserts a claim under 25 C.F.R. § 11.448, which is a provision relating to Indian offenses. This provision does not appear to have any bearing on the present case.

### 6. Volunteer Protection Act

Plaintiff asserts a violation of the Volunteer Protection Act, 42 U.S.C. § 14503. This statute does not create a private right of action. *See Mitchell v. Imperato*, No. 2:19-CV-297 WBS EFB, 2019 WL 2599199, at *3 (E.D. Cal. June 25, 2019) ("[T]he Volunteer Protection Act does not create a private right of action.").

Plaintiff has not stated, and cannot state, a claim under the Volunteer Protection Act.

### 7. Section 112 of the Rehabilitation Act of 1973

Plaintiff asserts a claim under Section 112 of the Rehabilitation Act of 1973, 29 U.S.C. § 732. That provision governs client assistance programs established by states receiving federal funds. The provision does not appear applicable here.

### 8. Fair Housing Act

Plaintiff claims a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3602 *et seq*. The FHA prohibits housing discrimination in the sale or rental of housing because of the person's race, religion, gender, or other protected characteristic. *Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 502 (9th Cir. 2016). It is unclear how Plaintiff believes the FHA applies here, as she does not allege that she attempted to buy or rent property. Even if the FHA were applicable, Plaintiff has not alleged facts showing that any of Defendants' conduct was motivated by discrimination on the basis of a protected characteristic.

Plaintiff has not alleged a viable claim under the FHA, nor do the allegations of the SAC suggest that she could allege such a claim if given further leave to amend.

### 9. Americans with Disabilities Act

Finally, Plaintiff asserts a claim of "Reasonable accommodation." The Court understands this to be a claim under the Americans with Disabilities Act ("ADA"). "In order to state a claim of disability discrimination under Title II, including a reasonable accommodation claim, a plaintiff must allege that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Bresaz v. Cty. of Santa Clara*, 136 F. Supp. 3d 1125, 1132 (N.D. Cal. 2015). As discussed above, Plaintiff has not alleged facts showing that she is disabled, nor has she alleged facts showing that she was denied funds by reason of a disability.

Plaintiff has not alleged a viable claim under the ADA, nor do the allegations of the SAC suggest that she could allege such a claim if given further leave to amend.

In summary, Plaintiff has failed to allege facts sufficient to state a claim under any of the federal statutes enumerated in the SAC. Nothing in the SAC suggests that Plaintiff would be able to state a claim if given a further opportunity to amend her pleading. Thus, given Plaintiff's prior failure to cure the deficiencies in her pleading, and the Court's conclusion that further amendment would be futile, the Court finds it appropriate to dismiss the SAC WITHOUT LEAVE TO AMEND.

## IV. ORDER

Plaintiff's second amended complaint is DISMISSED WITHOUT LEAVE TO AMEND, and the action is DISMISSED WITH PREJUDICE.

Dated: July 27, 2021

_____
BETH LABSON FREEMAN
United States District Judge